# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 30, 2020

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

GARLAND RUCKER,

          Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PUBLISHED

No. 19-204V

Special Master Nora Beth Dorsey

Petitioner's Motion for a Decision
Dismissing His Petition; Influenza ("Flu")
Vaccine; Transverse Myelitis ("TM").

Lawrence Gene Michel, Kennedy, Berkley, et al., Salina, KS, for petitioner.
Althea W. Davis, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On February 5, 2019, Garland Rucker ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he suffered transverse myelitis ("TM") after receiving an October 18, 2016 influenza ("flu") vaccination. Petition at Preamble (ECF No. 1). On September 30, 2020, the undersigned issued a ruling finding onset of petitioner's numbness from his abdomen to his legs began in September 2016, before the flu vaccine administered to him on October 18, 2016. Fact Ruling dated Sept. 30, 2020 (ECF No. 54).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On October 30, 2020, petitioner moved for a decision dismissing his case, stating that "[a]n investigation of the facts and science supporting his case has demonstrated to petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program" and "to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." Petitioner's Motion for a Decision Dismissing His Petition, filed Oct. 30, 2020, at ¶¶ 1-2 (ECF No. 57). Petitioner states that he understands that a decision by the Special Master will result in a judgment against him, and that he has been advised that such judgment will end all of his rights under the Vaccine Act. Id. at ¶ 3.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 11(c)(1), 13(a)(1)(A). The records submitted by petitioner show that she does not meet the statutory requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(i) to establish entitlement to compensation. The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program." Black v. Sec'y of Health & Hum. Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of petitioner's motion and a review of the record, the undersigned finds that petitioner is not entitled to compensation. **Thus, this case is dismissed. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

2